IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ADDISON N. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 17-438 |
| | ) | |
| LOFT ASSOCIATES, LLC | ) | |
| D/B/A CHEDDAR EXPRESS, | ) | |
| | ) JURY TRIAL DEMANDED | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, ADDISON N. MARTIN ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of LOFT ASSOCIATES, LLC, D/B/A CHEDDAR EXPRESS ("Cheddar" or "Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff has claims that arise under the laws of the United States.

2. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391, because Cheddar transacts business in this District, and a material portion of the events at issue occurred in this District.

4. The statute of limitations is tolled as to Plaintiff's TCPA claims, due to the commencement of a nationwide class action, based on same or similar allegations, filed against

1

Cheddar on April 7, 2017 in the Eastern District of New York , Case Number 2:17-cv-02110. See *American Pipe & Construction Co v. State of Utah*, 414 U.S. 538.

## PARTIES

5. Plaintiff is a resident of Mobile, Mobile County, Alabama.

6. Cheddar is a limited liability company based in Syosset, New York.

## FACTUAL ALLEGATIONS

7. Over a period of months, beginning on or about January 2016, Cheddar called Plaintiff's cellular telephone numerous times a week. On information and belief there were over one hundred of these calls.

8. The calls were made from 516-284-1201.

9. At first Plaintiff largely ignored the calls but in April of 2016 he started logging them.

10. On April 6, 2016, a representative from Cheddar called Plaintiff's cellular telephone number ending in 1202 asking for Johnny offering a loan.

11. On April 13, 2016, a representative from Cheddar's called Plaintiff's telephone number ending in 1202 asking for Johnny attempting to offer a loan.

12. On April 18, 2016, a representative from Cheddar's called Plaintiff's telephone number ending in 1202, asking for Johnny in attempting to offer a loan. Plaintiff asked the representative to stop calling and informed him that his name is not Johnny.  The representative replied saying, "get ready to get a bunch of calls, we just bought a list with your number on it."

13. During some of the calls from Defendant, Plaintiff heard a clicking noise and/or a delay followed by an artificial or prerecorded voice message.

14. Upon information and belief, Defendant placed these calls using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

18. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. Defendant did not have prior express written consent to place the calls to Plaintiff.

20. The telephonic communications by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

21. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

22. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that, Defendant interrupted Plaintiff with an unwanted call using an ATDS and an artificial or prerecorded voice.

23. Defendant's calls forced Plaintiff to lose the utility of his cellular phone by occupying his cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

24. Upon information and belief, Defendant obtained Plaintiff's cellular telephone number from someone other than Plaintiff.

25. Plaintiff is informed and believes and here upon alleges, that the call was made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

26. Defendant's aforementioned conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

## COUNT ONE
## TELEPHONE CONSUMER PROTECTION ACT

27. Cheddar violated the TCPA by:

   a. Placing approximately one hundred non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, ADDISON N. MARTIN, respectfully requests judgment be entered against Defendant for the following:

   a. $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B);

   b. As a result of Cheddar's willful and/or knowing violations of 47 U.S.C. 227(b)(1), $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C);

   c. Injunctive relief prohibiting such conduct in the future; and

   d. Any other relief that this Honorable Court deems appropriate.

## COUNT TWO
## INVASION OF PRIVACY

28. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

29. The actions taken by Cheddar in repeatedly calling Plaintiff's cellular phone constitute a wrongful invasion of Plaintiff's privacy. Cheddar's actions caused wrongful intrusion upon Plaintiff which has disrupted and harmed Plaintiff in such a manner as to cause outrage, mental suffering, shame and humiliation to any person with ordinary sensibilities.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Cheddar for invasion of privacy and awards Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

RESPECTFULLY SUBMITTED,

DATED:    September 29, 2017        By: /s/ *Earl P. Underwood, Jr.*
                                    Earl P. Underwood, Jr.
                                    Underwood & Riemer, P.C.
                                    21 South Section Street
                                    Fairhope, Alabama 36532
                                    Telephone:    251-990-5558
                                    Facsimile:    251-990-0626
                                    epunderwood@alalaw.com
                                    *Attorney for Plaintiff*

                                    Plaintiff Demands a Trial by Jury


                                    /s/ *Earl P. Underwood, Jr.*
                                    Earl P. Underwood, Jr.

5

Defendant to be served by Certified Mail at the following address:

Loft Associates, LLC
425 Broad Hollow Road
Suite 135
Melville, New York 11747